IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIM STAVRUM, | Case No. 3:21-cv-01761-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| NW PRECISION CONSTRUCTION LLC, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

On December 7, 2021, plaintiff Kim Stavrum ("Stavrum") filed this action against defendant NW Precision Construction LLC ("NWPC"), alleging violations of 26 U.S.C. § 7434 and OR. REV. STAT. § 652.610. (*See* Compl., ECF No. 1.) NWPC did not appear to defend this action, and following an evidentiary hearing (ECF No. 23) and submission of post-hearing evidence (ECF No. 27), the Court granted Stavrum's motion for default judgment and awarded him $14,171.54 in damages. (ECF Nos. 28, 30-31.)

Now before the Court is Stavrum's motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure ("Rule") 54. (ECF No. 32 ("Pl.'s Mot.").) Stavrum seeks $9,644.95 in attorney's fees and $477.03 in costs. (*See* Pl.'s Mot. at 13.) For the reasons

PAGE 1 – FINDINGS AND RECOMMENDATION

explained below, the Court recommends that the district judge and grant in part and deny in part Stavrum's motion for attorney's fees and costs.

## LEGAL STANDARDS

The calculation of a reasonable fee award begins with calculating the lodestar figure, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

In determining the lodestar figure, the court may consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). These factors include the novelty or difficulty of the case, the preclusion of other employment, time limitations, the amount at stake, the results obtained, and the undesirability of the case. *Id.* A district court should exclude from the lodestar amount any hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434.

"The 'prevailing market rates in the relevant community' set the reasonable hourly rate for purposes of computing the lodestar amount." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). In most cases, affidavits from the "plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (citation omitted). To evaluate the reasonableness of an Oregon attorney's billing rate, courts typically look to the Oregon State Bar Economic Survey (the "OSB Economic Survey"), which includes statewide data on attorney billing rates based on practice type, geographic area, and years of practice. *See McElmurry v.*

*U.S. Bank Nat'l Assoc.*, No. 04-642-HA, 2008 WL 1925119, at *3 (D. Or. Apr. 30, 2008) (finding that in this district, "[t]he Survey is a bellwether for the market price of attorney services in Portland, and the court affords it significant weight in at least establishing a starting point for reasonable rates").

The court must review a requested fee award for reasonableness, even if no objection has been raised to the number of hours billed or the hourly rate applied. *See Gates*, 987 F.2d at 1401 (finding that the "district court [is] required to independently review plaintiffs' fee request even absent defense objections"). Courts possess "considerable discretion" in determining the reasonableness of a fee award. *See Webb v. Ada Cnty.*, 195 F.3d 524, 526 (9th Cir. 1999); *see also Glacier Films (USA), Inc. v. Gallatin*, No. 3:15-cv-01632, 2016 WL 3621272, at *1 (D. Or. July 5, 2016) ("A district court's disposition of a motion for attorney's fees must 'provide a reasonably specific explanation for all aspects of a fee determination' in order to allow for 'adequate appellate review.'" (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010))).

## DISCUSSION

**I.     ATTORNEY'S FEES**

Stavrum requests an award of his attorney's fees under 26 U.S.C. § 7434(b) and OR. REV. STAT. § 652.615.[1]

///

///

---

[1] As an initial matter, the Court finds that Stavrum's fee motion is timely. *See* FED. R. CIV. P. 54(d)(2)(B)(1) (requiring that a motion for attorney's fees under Rule 54(d)(2) "must . . . be filed no later than 14 days after the entry of judgment"). The Court entered default judgment on November 7, 2022 (*see* ECF No. 31), and Stavrum filed his fee motion on November 21, 2022, within the required fourteen-day period.

PAGE 3 – FINDINGS AND RECOMMENDATION

A.  **Statutory Bases For Fee Award**

Under 26 U.S.C. § 7434(b), a defendant in violation of 26 U.S.C. § 7434(a) "shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of . . . any actual damages sustained by the plaintiff . . . , the costs of the action, and . . . in the court's discretion, reasonable attorneys' fees." 26 U.S.C. § 7434(b); *see also Westphal v. Ed's Mufflers Unlimited, Inc.*, No. 3:17-cv-00299-YY, 2018 WL 4390778, at *8 (D. Or. June 11, 2018) (awarding fees and costs under 26 U.S.C. § 7434(b) following entry of default judgment on claims arising under, *inter alia*, 26 U.S.C. § 7434(a)).

Under the Oregon statute, "the court may award to the prevailing party, in addition to costs and reimbursements, reasonable attorney fees." OR. REV. STAT. § 652.615; *see also Nance v. May Trucking Co.*, No. 3:12-cv-01655-HZ, 2014 WL 2113094, at *4 (D. Or. May 20, 2014) (awarding the plaintiff fees and costs after finding the defendant in violation of OR. REV. STAT. § 652.610(3) for improperly deducting wages). OR. REV. STAT. § 20.075 provides a list of factors for courts to consider in determining whether to award fees under a fee-shifting statute, including the conduct of the parties that gave rise to the litigation (including any conduct that was reckless, willful, malicious, in bad faith or illegal), the objective reasonableness of the claims and defenses, the extent to which a fee award would deter others from asserting good faith (or meritless) claims or defenses in similar cases, the objective reasonableness of the parties, and the diligence of the parties and their attorneys during the proceedings. *See* OR. REV. STAT. § 20.075.

Stavrum argues that he is entitled to the requested hours based on NWPC's underlying conduct, the diligence of his counsel, and the complexity of the case. (Pl.'s Mot. at 2-3.) The Court entered default judgment in favor of Stavrum on his claims that NWPC violated 26 U.S.C. § 7434(a) and OR. REV. STAT. § 652.610(3). (*See* ECF Nos. 28, 30-31.) It appears based on the limited record before the Court that NWPC's conduct was willful, Stavrum's claims were

PAGE 4 – FINDINGS AND RECOMMENDATION

objectively reasonable, his counsel was reasonably diligent during the proceedings, and a fee award would encourage similarly-situated employees to pursue wage claims. (*See id.*) The Court therefore recommends that the district judge exercise her discretion to award reasonable attorney's fees and costs to Stavrum, as outlined below. *See Westphal*, 2018 WL 4390778, at *8 (awarding fees and costs under 26 U.S.C. § 7434(b)); *Nance*, 2014 WL 2113094, at *4 (awarding fees and costs under OR. REV. STAT. § 652.615).

### B.      Reasonableness of the Requested Hours

Stavrum requests compensation for 17.6 hours of attorney Joshua Lay's time, as well as 22.5 hours of law students' time. (*See* Pl.'s Mot. at 6.) In support of this request, Stavrum submitted billing records which detail the tasks each individual completed and the hours billed. (*See generally* Ex. Supp. Pl.'s Mot. ("Ex."), ECF No. 34.) The Court finds that the requested hours are generally reasonable, with the exception of entries that appear to reflect clerical work, block-billed entries, and entries for receiving emails.

First, clerical and secretarial work (regardless of who completes the work) are considered "overhead expenses reflected in the hourly billing rate," and are not compensable as attorney's fees. *Frevach Land Co. v. Multnomah Cnty.*, No. 99-cv-1295-HU, 2001 WL 34039133, at *12 (D. Or. Dec. 18. 2001) (citation omitted); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (noting that the monetary value of clerical or secretarial work "is not enhanced just because a lawyer does it") (quotation omitted). Clerical tasks "include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." *Sterling Sav. Bank v. Sequoia Crossing, LLC*, No. 09-cv-0555-AC, 2010 WL 3210855, at *7 (D. Or. Aug 11, 2010) (citation omitted).

///

PAGE 5 – FINDINGS AND RECOMMENDATION

The Court finds that a handful of attorney Lay's entries appear to reflect clerical tasks. (*See, e.g.*, 6/7/2021, file organization (.2); 6/17/2021, email from client requesting confirmation of receipt (.1); 2/8/2022, email from client confirming receipt (.2) and email to court clerk (.1); 2/16/2022, email from court clerk and email response (.2); 7/11/2022, email exchange re seal (.1) and file motion to seal (.2); 9/30/2022, call clerk's office for assistance with filing (.1) and file motion for leave (.1).) In addition, it appears that law student Corbin Mueller billed at least 1.8 hours on March 15, 2022 to draft a fee petition (*see* Ex. at 3), but Stavrum did not file a fee petition when he filed his motion for default judgment the following day, March 16, 2022. Law student Sarah Levin later billed 7.9 hours to draft a fee petition in October 2022. (Ex. at 4.) It appears that these time entries may reflect duplicative work.

Furthermore, both counsel and the law students used block billing for some of the entries, which makes it difficult for the Court to determine how much time they spent on each discrete task. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("It was reasonable for the district court to conclude that [the plaintiff] failed to carry her burden [of documenting the appropriate hours expended in the litigation], because block billing makes it more difficult to determine how much time was spent on particular activities.") (collecting cases).

Finally, courts have reduced fee awards in prior cases where counsel billed in .1 increments for receiving emails, if it was clear from the billing records that the email in question would not take six minutes to read. *See, e.g., Najm v. City of Portland*, No. 3:17-cv-01714-SB, 2018 WL 3448461, at *3 n.4 (D. Or. June 29, 2018) ("It takes only seconds to read some emails. Even if counsel spent one full minute reviewing an email, if he instead bills six minutes (i.e., .1 hour) to read that email he could bill his clients for six hours of work that took him just one hour to perform (i.e., 60 emails reviewed in one hour x .1 hour for each email = 6 hours of billable

PAGE 6 – FINDINGS AND RECOMMENDATION

time in one hour)."); *see also Mumford v. Eclectic Inst., Inc.*, No. 3:15-cv-00375-AC, 2016 WL 8711693, at *6 (D. Or. Apr. 29, 2016) ("[Plaintiff's counsel] has billed separately for each email sent or received on this matter at a standard rate of .1 hours. The Court is discouraged by this continued practice."); *Arnold v. Pfizer, Inc.*, No. 3:10-cv-01025-AC, 2015 WL 4603326, at *9 (D. Or. July 29, 2015) (cautioning that "the practice of billing .1 hour for each and every email masks excess and redundancies") (citation omitted). On at least a few occasions here, counsel billed .1 hour for receiving what appears to be a short, simple email. (*See, e.g.*, 6/6/21, email from client about sending form (.1); 6/17/21, email from client requesting confirmation of receipt (.1); 2/16/22, email from court clerk (.1), Ex. at 1-4.)

In light of these billing issues, the Court recommends that the district judge apply a ten percent discount (or "haircut") to the requested lodestar amount, as calculated below. *See Hanrahan v. Statewide Collection, Inc.*, No. 21-16187, 2022 WL 3998565, at *1-2 (9th Cir. Sept. 1 2022) (holding that the district court did not abuse its discretion by applying a "10% 'haircut'" to the requested fee award); *Allcapcorp Ltd. v. CHC Consulting, LLC*, Nos. 20-55457, 20-55758, 20-55513, 2021 WL 3667230, at *2 (9th Cir. Aug. 18, 2021) (same); *see also Gonzalez*, 729 F.3d at 1200 ("[W]hen a district court reduces either the number of hours or the lodestar by a certain percentage greater than 10%, it must provide a clear and concise explanation for why it chose the specific percentage to apply." (citing *Gates*, 987 F.2d at 1398 and *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008))).

///

///

///

///

PAGE 7 – FINDINGS AND RECOMMENDATION

### C.     Reasonableness of Requested Rates

Stavrum requests hourly rates of $285 for attorney Lay,[2] $125 for law student Kyle Session, $85 for law student Sarah Levin, and $75 for law student Corbin Moeller. (*See* Pl.'s Mot. at 3.)

#### 1.     Attorney Hourly Rate

Lay is a plaintiffs' civil litigation attorney who was admitted to the Oregon State Bar in 2016. The requested hourly rate of $285 per hour is higher than the 95th percentile ($250) for private practice attorneys of his experience (4-6 years) in the Upper Willamette Valley (where his firm is located), but is less than the mean hourly rate ($314) for plaintiffs' civil litigation attorneys in the same geographical area. *See* 2017 OSB Economic Survey, available at https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf (last visited Mar. 6, 2023). Lay correctly notes that the most recent 2017 OSB Economic Survey is now dated, and has not been adjusted for inflation.[3] (*See* Pl.'s Mot. at 9.) In light of these metrics, the Court finds that Lay's billable rate of $285 per hour is reasonable here. *Cf. Wentz v. Progressive Direct Ins. Co.*, No. 3:21-cv-00473-MO, 2022 WL 1516261, at *3 (D. Or. May 13, 2022) (approving hourly rate higher than median rate in the 2017 OSB Economic Survey, and noting that although "counsel's rates are higher than those medians, that discrepancy is largely explained by the economic inflation of the past few years").

///

---

[2] Stavrum requests $307.50 per hour for Lay's services at page nine of his motion, but he consistently requests $285 throughout the remainder of his materials. (*See* Pl.'s Mot. at 9.)

[3] It appears from the Oregon State Bar's website that it has not yet published its anticipated 2022 Economic Survey. *See also Poticny v. Movers & Packers Relocation Specialists LLC*, No. 3:22-cv-01243-IM, 2022 WL 18024218, at *9 (D. Or. Dec. 30, 2022) (recently citing the 2017 version of the OSB Economic Survey).

PAGE 8 – FINDINGS AND RECOMMENDATION

### 2. Law Students' Hourly Rates

Time billed for law students, "even though they are not attorneys, is compensable." *League of Wilderness Defenders v. United States*, No. 3:10-cv-01397-Sl, 2014 WL 3546858, at *15 (D. Or. July 15, 2014). This court has awarded hourly rates of up to $125 per hour for clerks who are current law students. *See, e.g.*, *League of Wilderness Defenders*, 2014 WL 3546858, at *15 (awarding $125 per hour for a clerk in their third year of law school); *Bird v. Or. Comm'n for the Blind*, No. 3:18-cv-01856-YY, 2021 WL 7709970, at *3 (D. Or. Aug. 11, 2021) (awarding $60 per hour for a law student clerk).

Stavrum requests an hourly rate of $125 for court-certified law clerk Session (a third year law student), $85 for law clerk Levin (a current law school student with twenty years of experience performing administrative and paralegal tasks in the legal field), and $75 for Moeller (a second year law student with "significant" experience in administrative and office work). (Pl.'s Mot. at 10.) In light of billable rates this district court has approved for law students in prior cases, the Court finds that these rates are reasonable.

### D. Contingency Multiplier

Stavrum asks the Court to apply a 1.4 contingency multiplier to the lodestar fee amount of $6,889.25, and award fees in the amount of $9,644.95. (Pl.'s Mot. at 13.) Lay argues that a multiplier is appropriate based on the risks and payment delays associated with contingency fee representation. (*See id.*)

Federal courts look to state law to evaluate attorney fee multipliers. *See Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1996) ("The issue arises because in *City of Burlington v. Dague*, 505 U.S. 557 (1992), the Supreme Court held that contingency-fee multipliers are unavailable under federal fee-shifting statutes."). Oregon courts consider several factors, including whether the case was brought on a contingency fee basis, whether counsel

PAGE 9 – FINDINGS AND RECOMMENDATION

obtained "exceptional success" for his client, "the difficulty and complexity of the issues involved in th[e] case, the value of the interests at stake, as well as the skill and professional standing of lawyers involved." *Moro v. State*, 384 P.3d 504, 519 (Or. 2016) (simplified).

Although Stavrum agreed to pay his counsel pursuant to a contingency fee arrangement, the case did not present any novel or complex issues and it resolved on a motion for default judgment. For these reasons, the district judge should decline to apply the requested multiplier to the fee award. *Cf. Wentz*, 2022 WL 1516261, at *4 ("Accordingly, I find that [the plaintiff] has failed to show that [the defendant's] behavior was so egregious as to justify payment of a multiplier.").

### E. Fee Calculation

The Court recommends that the district judge award the lodestar fee amount of $6,889.25, less the ten percent reduction discussed above, for a total fee award of $6,200.33.

## II. BILL OF COSTS

Rule 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Both 26 U.S.C. § 7434(b) and OR. REV. STAT. § 652.615 provide for an award of costs to the prevailing party. *See* 26 U.S.C. § 7434(b) ("[T]he defendant shall be liable to the plaintiff . . . [for] the costs of the action[.]"); OR. REV. STAT. § 652.615 ("In any such action the court may award to the prevailing party, in addition to costs and disbursements, reasonable attorney fees.").

Stavrum requests costs in the amount of $477.03 associated with the filing fee ($402), a process server ($68.90), and postage ($6.13). (Pl.'s Mot. at 13.) Courts routinely award these costs to prevailing parties. *See, e.g., Topness v. Cascadia Behav. Healthcare*, No. 3:16-cv-2026-AC, 2017 WL 8895626, at *9 (D. Or. Oct. 17, 2017) (filing fee); *Alflex Corp. v. Underwriters*

PAGE 10 – FINDINGS AND RECOMMENDATION

*Labs., Inc.*, 914 F.2d 175, 176 (9th Cir. 1990) (process server); *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (postage). Accordingly, the Court finds that the requested costs are recoverable and reasonable, and recommends that the district judge award Stavrum $477.03 in costs.[4]

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT in part and DENY in part Stavrum's motion for attorney's fees and costs (ECF No. 32), and award Stavrum $6,200.33 in attorney's fees and $477.03 in costs.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 6th day of March, 2023.

*/s/ Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[4] Although Local Rule ("LR") 54-1(a)(1) requires the prevailing party to "file an affidavit or declaration and appropriate documentation" in support of a bill of costs, and Stavrum has not submitted any receipts in support of his cost bill (other than his billing records), the Court is able to verify on the docket that Stavrum paid the filing fee (ECF No. 1) and that Malstrom's Process Serving Company served process (ECF No. 6), and the requested postage costs are *de minimis*.